Sum Issue.

SEA1019 7

FILED _____ ENTERED
LODGED _____ RECEIVED

JUN · ·4 2007     LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY



**07-CV-00944-CMP**

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAFN COMPANY, a Washington corporation; and, BELLEVUE GARDENS, LLC, a Washington limited liability company,<br><br>Defendants. | No. **C07-0944** RSL<br><br>COMPLAINT FOR DECLARATORY JUDGMENT<br><br>**Clerk's Action Required** |

St. Paul Mercury Insurance Company ("St. Paul"), by way of complaint, alleges as follows:

## I.  NATURE OF ACTION

St. Paul requests a declaration that it owes no insurance coverage to defendant Rafn Company ("Rafn") with respect to construction defects and damage alleged by defendant Bellevue Gardens, LLC ("Bellevue Gardens") in an underlying lawsuit, *Bellevue Gardens, LLC v. SECO Development, Inc., et al.*, King County Superior Court Case No. 05-2-11109-7 (the "*Bellevue Gardens* Suit").

COMPLAINT FOR DECLARATORY
JUDGMENT (No. _____ ) - 1
N:\Active Cases\01780\Pleadings\complaint.doc

GORDON & POLSCER, L.L.C.
1000 Second Avenue, Suite 1500
Seattle, WA 98104
(206) 223-4226

## II. PARTIES

1.     St. Paul. St. Paul Mercury Insurance Company is a corporation in good standing and duly organized and existing under the laws of the State of Minnesota and duly authorized to issue insurance in the State of Washington.

2.     Rafn Company. Rafn is, upon information and belief, a corporation incorporated under the laws of the State of Washington with its principal place of business in Bellevue, Washington.

3.     Bellevue Gardens, LLC. Bellevue Gardens is, upon information and belief, a limited liability company organized under the laws of the State of Washington with its principal place of business in King County, Washington.

## III. JURISDICTION AND VENUE

4.     Subject Matter Jurisdiction. This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(a)(1) because this controversy is between citizens of different states and because the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332(a).

5.     Personal Jurisdiction. This Court has personal jurisdiction over Rafn who, on information and belief, is a Washington corporation that conducted business in Washington at all relevant times. This Court has personal jurisdiction over Bellevue Gardens who, on information and belief, is a Washington limited liability company that conducted business in Washington at all relevant times.

6.     Venue. Venue is proper in this Court because the events giving rise to this suit took place in Bellevue, Washington and in the King County Superior Court in Seattle, Washington.

COMPLAINT FOR DECLARATORY
JUDGMENT (No. _____ ) - 2
N:\Active Cases\01780\Pleadings\complaint.doc

## IV.  FACTUAL ALLEGATIONS

**A.    Condition of the Stucco and Building Envelope**

7.    Rafn was the general contractor for construction of The Bellevue Gardens, a residential retirement facility located at 933 N.E. 111th Street in Bellevue, Washington.  The first owner of The Bellevue Gardens and the company for whom Rafn agreed to construct the facility was SECO Development, Inc. ("SECO").

8.    On information and belief, Rafn began construction of The Bellevue Gardens in January 1998.

9.    The architect, SECO and Rafn executed a Certificate of Completion on April 2, 1999.

10.    The City of Bellevue issued a Certificate of Occupancy on August 23, 1999.

11.    On information and belief, The Bellevue Gardens was occupied in 1999.

12.    On information and belief, ERA Care, Inc. ("ERA") began performing a due diligence investigation of The Bellevue Gardens building in the summer of 2000 in anticipation of managing and/or purchasing The Bellevue Gardens.  In September 2000, ERA retained Tatley-Grund, Inc. to perform an inspection of The Bellevue Gardens' building envelope and cladding system.  Tatley-Grund concluded that the stucco on the building was sound and in very good condition with the exception of minor cracking that should be addressed in regular building maintenance.  Tatley-Grund further concluded that the window system was sound, of relatively high quality, and functioning properly and that the sealant system was in sound and good condition.

13.    On September 29, 2000, ERA executed with a SECO subsidiary a contract to manage The Bellevue Gardens.

14.    In October 2000, ERA retained Wetherholt & Associates to inspect the roof as part of ERA's building due diligence.

COMPLAINT FOR DECLARATORY
JUDGMENT (No. _____ ) - 3
N:\Active Cases\01780\Pleadings\complaint.doc

GORDON & POLSCER, L.L.C.
1000 Second Avenue, Suite 1500
Seattle, WA 98104
(206) 223-4226

1    15.    In July 2001, ERA informed SECO that the stucco on The Bellevue Gardens had

2  developed some problems such as bubbling up and cracking. SECO responded that these

3  recently observed changes in the stucco had most likely been caused by the recent earthquake.

4    16.    On information and belief, ERA responded to these recent changes in the stucco

5  by hiring Building Envelope Technology and Research ("BETR") in September 2001 to conduct

6  an investigation of the building envelope and cladding system. BETR concluded that the design

7  and application of the stucco cladding and associated details was sound and of good quality and

8  should provide satisfactory service for years to come. BETR noted that there were minor cracks

9  in the stucco that should be subject to regular maintenance.

10    17.    In April 2002, ERA's principals, Eli and Rebecca Almo, entered into a purchase

11  and sale agreement with SECO to purchase The Bellevue Gardens. The sale closed on October

12  1, 2002.

13    18.    In March 2005, ERA hired Wetherholt & Associates to address water leaks in

14  Unit 293.

15    19.    On information and belief, as a result of the leaks in Unit 293, ERA hired RDH

16  Building Sciences in March 2005 to investigate the building envelope and cladding system.

17  RDH concluded that there was minor deterioration in several parts of the building's wall system

18  and it was typical to see such issues arise in a six-year-old building of this type.

19  **B.    The *Bellevue Gardens* Suit is Filed**

20    20.    On or about April 1, 2005, Bellevue Gardens, assignee of the Almos and the

21  current owner of The Bellevue Gardens, filed suit against SECO, Rafn and others in King

22  County Superior Court. Bellevue Gardens alleges that Rafn breached its warranty of

23  workmanship and material and failed to provide work that conformed to the contract documents.

24    21.    In the operative Amended Complaint, Bellevue Gardens, LLC alleges that the

25  following property damage has occurred at Bellevue Gardens:

26

COMPLAINT FOR DECLARATORY
JUDGMENT (No. _____ ) - 4
N:\Active Cases\01780\Pleadings\complaint.doc

GORDON & POLSCER, L.L.C.
1000 Second Avenue, Suite 1500
Seattle, WA 98104
(206) 223-4226

Windows: "Water intrusion and resultant damage has occurred in some areas." "Water staining on the sill extensions has been observed. Additionally, water staining has been observed at the interior gypsum and wall framing of several windows."

Courtyard: "Water entry and resultant damage to underlying sheathing and framing has been documented at the main door located on the east elevation wall of the north courtyard."

Roof: "Water entry and resultant damage has occurred at the transition of the metal roof to stucco cladding above the west elevation 'Garden Room' observatory."

22.     Bellevue Gardens alleges it is entitled to recover at least $6,029,060 to pay for a complete reclad of the building and consequential damages.

## C.    The St. Paul Insurance Policies

23.     St. Paul issued to Rafn commercial general liability and excess policies for the periods from April 20, 1998 through April 20, 1999 and from April 20, 1999 through April 20, 2000 (the "St. Paul Policies").

24.     Rafn tendered the *Bellevue Gardens* Suit to St. Paul. St. Paul timely responded on April 29, 2005 that it would defend Rafn subject to a full reservation of rights to, *inter alia*, withdraw from the defense, deny coverage, and seek reimbursement of defense costs. The reservation of rights was updated in November 2005, October 2006, and April 2007.

25.     St. Paul retained attorney Steven Jager to defend Rafn in the Bellevue Gardens suit. At Rafn's request, St. Paul also retained attorney Nick Verwolf to defend Rafn in that suit.

26.     The St. Paul Policies contain limitations and/or exclusions that apply to bar coverage for the Bellevue Garden suit including, but not limited to the requirements that there be property damage as defined in the St. Paul Policies and that the property damage happen while the policy is in effect.

## V.  CAUSE OF ACTION FOR DECLARATORY RELIEF

27.     St. Paul hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

COMPLAINT FOR DECLARATORY
JUDGMENT (No. _____ ) - 5
N:\Active Cases\017800\Pleadings\complaint.doc

GORDON & POLSCER, L.L.C.
1000 Second Avenue, Suite 1500
Seattle, WA 98104
(206) 223-4226

1    28.    An actual and justiciable controversy exists between St. Paul and Defendants

2    regarding the existence and scope of coverage afforded to Rafn, if any, under the St. Paul

3    Policies with respect to the *Bellevue Gardens* Suit.

4    29.    Among other things, the damages alleged in the *Bellevue Gardens* suit do not fall

5    within the St. Paul Policies' grant of coverage because no property damage occurred during the

6    policy periods which terminated on April 20, 2000. Accordingly, St. Paul is entitled to a

7    declaration that there is neither coverage nor any potential for coverage for the *Bellevue Gardens*

8    Suit under the St. Paul Policies.

9    30.    Because there is no coverage or potential for coverage, St. Paul also is entitled to

10    declaratory relief as follows:

11            a.    That St. Paul has no duty to defend Rafn with respect to the *Bellevue*
12                *Gardens* Suit;

13            b.    That St. Paul may immediately withdraw from any participation in the
            defense of Rafn in the *Bellevue Gardens* Suit;

14
        c.    That St. Paul has no duty to indemnify Rafn with respect to the *Bellevue*
15                *Gardens* Suit; and

16            d.    That St. Paul is entitled to reimbursement from Rafn of all sums paid by
            St. Paul in defending Rafn against the *Bellevue Gardens* Suit.
17

18    **VI.   REQUEST FOR SPEEDY HEARING PURSUANT TO FRCP 57**

19    31.    St. Paul respectfully requests that the Court order a speedy hearing and advance

this action on the calendar pursuant to FRCP 57.
20

21    **VII.   PRAYER FOR RELIEF**

WHEREFORE, St. Paul prays for relief as follows:
22

23    1.    For judgment declaring that there is neither coverage nor any potential for

coverage for the *Bellevue Gardens* Suit under the St. Paul Policies;
24

25    2.    For judgment declaring that St. Paul has no duty to defend Rafn with respect to

the *Bellevue Gardens* Suit;
26

COMPLAINT FOR DECLARATORY
JUDGMENT (No. _____ ) - 6
N:\Active Cases\01780\Pleading\complaint.doc

**GORDON & POLSCER, L.L.C.**
1000 Second Avenue, Suite 1500
Seattle, WA 98104
(206) 223-4226

1      3.     For judgment declaring that St. Paul may immediately withdraw from any defense

2 of Rafn in the *Bellevue Gardens* Suit;

3      4.     For judgment declaring that St. Paul has no duty to indemnify or pay Rafn or

4 Bellevue Gardens with respect to the *Bellevue Gardens* Suit;

5      5.     For reimbursement from Rafn of all sums paid by St. Paul in defending against

6 the *Bellevue Gardens* Suit; and

7      6.     For such other and further relief as the Court deems just and proper.

8      Dated this 18th day of June, 2007.

GORDON & POLSCER, L.L.C.

By: Stephanie Andersen
Stephanie Andersen, WSBA No. 22250
Attorneys for Plaintiff St. Paul Mercury Insurance Company
1000 Second Avenue, Suite 1500
Seattle, WA 98104
Telephone:  (206) 223-4226
Facsimile:  (206) 223-5459
E-mail:  usdc-wd-wa@gordon-polscer.com

COMPLAINT FOR DECLARATORY
JUDGMENT (No. _____ ) - 7
N:\Active Cases\01780\Pleadings\complaint.doc

**GORDON & POLSCER, L.L.C.**
1000 Second Avenue, Suite 1500
Seattle, WA 98104
(206) 223-4226